IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Terron Gerhard Dizzley, | ) | C/A No. 2:20-cv-00991-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Scott Hixson, Erin Bailey, Georgetown | ) | |
| Solicitor's Office, Judge Kristi F. Curtis, | ) | |
| Judge William H. Seals, South Carolina | ) | |
| Department of Appeals, Johnny James, | ) | |
| Ronald Hazzard, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for review of the March 20, 2020 Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). In the Report, the Magistrate Judge recommends that the case be dismissed pursuant to 28 U.S.C. § 1915A without leave to amend and without issuance of service of process. [ECF No. 9.] Plaintiff was advised of his right to file objections to the Report. *Id.* No party filed objections to the Report, however, and the time for response has lapsed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to

1

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, the case is **DISMISSED** pursuant to 28 U.S.C. § 1915A without leave to amend[1] and without issuance of service of process.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

April 16, 2020
Florence, South Carolina

---

[1] As noted in the Report, Plaintiff cannot cure the defects in his complaint by amendment and, therefore, any opportunity to amend would be futile. [ECF No. 9 at n.3.] Accordingly, this court is exercising its discretion to dismiss the matter without further leave to amend. *Goode v. Central Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015); *Thomas v. Drive Auto. Indus. of Am., Inc.*, No. 6:18-cv-169-AMQ, 2018 WL 5258811, at *2 (D.S.C. July 25, 2018) (declining to automatically give plaintiff leave to amend pursuant to *Goode* because plaintiff could not cure the defects in his claims against defendant by mere amendment), *Report and Recommendation adopted by* 2018 WL 5255183 (D.S.C. Oct. 22,2018); *Workman v. Kernell*, No. 6:18-cv-00355-RBH-KFM, 2018 WL 4826535, at *2 (D.S.C. Oct. 2, 2018) (declining to give plaintiff leave to amend because it would be futile for plaintiff to amend his complaint against the defendants being dismissed), *aff'd*, 766 F. App'x 1 (4th Cir. 2019).